STURGIS, Chief Judge
(concurring specially).
I concur in the conclusion reached by the majority and fully agree that enforcement officers should not flout F.S. 901.23, F.S.A. in the manner indicated by the facts in this case. I am unwilling to say, however, that had the subject statute been presented to me for the first time I would have been inclined to hold that failure to comply therewith renders inadmissible an admission or confession against interest made during the period of incarceration. Moreover, I am satisfied on the whole that the case law of this jurisdiction has carefully and adequately preserved the fundamental rights of persons held for crime to the end that their admissions and confessions against interest be not admitted in evidence unless freely and voluntarily made. That concept applies, of course, to persons arrested pursuant to warrant as well as to those arrested without warrant.
The duty of the courts to preserve the constitutional rights of the individual is not alterable by statutory law. The directive of the statute here involved is entirely consistent with the ancient common law. It has to do with a situation that was always remedial by the writ of habeas corpus. The statute, therefore, is clothed with some characteristics which upon proper inquiry may be found to invade the powers exclusively reserved to the judiciary under the concept of the three separate and independent branches of government.
The sum of my position is that I find no quarrel with the decisions cited and adhered to by the majority.